IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:17-cv-00512

EPIC GAMES, INC.,

    Plaintiff,

v.

CHARLES VRASPIR,

    Defendant.

**STIPULATION AND PERMANENT INJUNCTION**

Plaintiff Epic Games, Inc. ("Plaintiff" or "Epic") and Defendant Charles Vraspir ("Defendant" or "Vraspir") (together, the "Parties") have reached an agreement to settle the dispute between them, including without limitation, the above-captioned action, and, as part of the settlement between them, stipulate to the entry of this Permanent Injunction.

1. This Court has proper jurisdiction over the subject matter in this litigation under 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 17 U.S.C. §§ 106 and 501, *et. seq.*

2. This Court has personal jurisdiction over Defendant because, among other things, Defendant entered into contractual agreements with Epic, the terms of which included his consent to be subject to the exercise of jurisdiction over him by this Court. This Court shall retain jurisdiction over Defendant for the purpose of implementing and enforcing this Stipulation and Permanent Injunction.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Venue is also proper in this District because, among other things, Defendant entered into contractual agreements with Epic, the terms of which included his consent to this District being the proper venue.

PPAB 3964194v5

4. The Parties enter into this Stipulation and Permanent Injunction voluntarily after consulting with counsel and waive any rights to appeal from it

5. **Permanent Injunction and Order**. Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

Defendant, Charles Vraspir, along with his agents, representatives, partners, joint venturers, servants, employees, and all those persons or entities acting in concert or participations with him will immediately destroy all copies of any cheat software, including, without limitation, aimbots, (collectively, "cheats" or "hacks") in his possession, custody, or control that can be used to infringe any of Epic's copyrights or cheat at any of Epic's games, and is **PERMANENTLY ENJOINED and RESTRAINED** from:

   a. infringing any of Epic's currently existing or future copyrighted works, including, without limitation, infringement by the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

   b. creating, writing, developing, advertising, promoting, and/or distributing anything that infringes Epic's works now or hereafter protected by any of Epic's copyrights;

   c. inducing or materially contributing to the direct infringement of any of Epic's currently existing or future copyrighted works by others, including, without limitation, infringement by the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

   d. violating Epic's Terms of Service;

   e. violating any of Epic's End User Licensing Agreements to which Defendant is a or becomes a party;

f. intentionally interfering with Epic's contracts or contractual relations with any other party or parties to those contracts or contractual relations;

g. cheating at any of Epic's games or at any game that Epic subsequently develops, creates, or publishes;

h. materially contributing to cheating by others or inducing others to cheat at any of Epic's games or at any games that Epic subsequently develops, creates, and/or publishes;

i. engaging in any other activity that constitutes or creates an infringement of any of Epic's copyrights, or of any of Epic's rights in, or rights to use or exploit, its copyrights;

j. unfairly competing with Epic in any manner whatsoever; and/or

k. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referenced in paragraphs 5(a) through 5(j), above.

For the purposes of this paragraph 5 only, the term "Epic" includes all of Epic's subsidiaries and affiliated companies.

6. No bond or posting of security is required of the Parties in connection with the entry of this Stipulation and Permanent Injunction.

7. Plaintiff and Defendant acknowledge that they have knowingly and voluntarily entered into this Stipulation and Permanent Injunction after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Plaintiff and Defendant understand the undertakings, obligations, and terms of this Stipulation and Permanent Injunction.

8. Except as to Defendant's obligations set forth in this Stipulation and Permanent Injunction, Plaintiff's claims against Defendant in this Action, and any claims that could have been asserted in this Action, are hereby dismissed with prejudice.

3

9. This Stipulation and Permanent Injunction is final and may not be appealed by either Party.

10. Nothing in this Stipulation and Permanent Injunction precludes Plaintiff or Defendant from asserting any claims or rights that arise after Defendant's stipulation to this Stipulation and Permanent Injunction or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by Defendant or Plaintiff in this Stipulation and Permanent Injunction, or in the Settlement Agreement reached by the Parties.

11. Nothing in this Stipulation and Permanent Injunction precludes Plaintiff or Defendant from asserting any claims or rights against any third party.

12. Defendant waives any objection under Federal Rule of Civil Procedure 65(d) (pertaining to injunctions) to paragraph 5, above.

13. This Court shall retain jurisdiction over this matter to enforce a violation of this Stipulation and Permanent Injunction's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, liquidated damages of Five Thousand Dollars ($5,000); as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

SO ORDERED. This __1__ day of December 2017.

_____
JAMES C. DEVER III
Chief United States District Judge

**STIPULATED AND AGREED TO:**

**FOR THE PLAINTIFF:**

/s/Christopher M. Thomas
Christopher M. Thomas (N.C. Bar No. 31834)
Parker, Poe, Adams, & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Email: christhomas@parkerpoe.com
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
*Attorney for Plaintiff Epic Games, Inc.*

**FOR THE DEFENDANT:**

/s/Kevin G. Williams
Kevin G. Williams (N.C. Bar No. 25760)
Bell, Davis Pitt
100 N. Cherry Street, Suite 600
Winston-Salem, North Carolina 27101
Email: kwilliams@belldavispitt.com
Telephone: (336) 714-4150
Facsimile: (336) 722-8153
**LR 83.1 Counsel**

/s/Russell M. Spence, Jr.
Russell M. Spence, Jr. (MN Bar No. 241052)
Hellmuth & Johnson PLLC
8050 West 78th Street
Edina, MN 55439
Email: MSpence@hjlawfirm.com
Phone: (952)746-2138
*Attorneys for Defendant*